| | |
|---|---|
| United States of America, | Crim. No. 21-21 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Michael John Markwald, | |
| Defendant. | |

Ruth Shnider, Esq., United States Attorney's Office, counsel for Plaintiff.

Robert A. Lengeling, Esq., Beito & Lengeling, PA, counsel for Defendant Markwald.

This action came before the Court on June 21, 2021, for a hearing on various pretrial motions filed by Defendant. The hearing was held by video conference via Zoom, by consent of the Defendant (Doc. No. 66), because of the COVID-19 pandemic. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendants pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if

Defendants intend to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendants bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendants intend to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendants filed no objection to the motions. Therefore, Defendants are hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 22)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Defendant's Motion for Discovery.** Defendant requests an order requiring the Government to disclose or permit discovery, inspection and copying, or supplement prior disclosures, of various things pursuant to Fed. R. Crim. P. 16. The Government states that to the extent the motion comports with Fed. R. Crim. P. 12, 16, and 26.2, and the provisions of *Brady* and *Giglio*, it does not oppose the motion. Defendant's Motion for Discovery **(Doc. No. 45)** is **GRANTED** only to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and

exhibit lists. However, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

3. **Defendant's Motion for Disclosure of Rule 404(b) Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of Rule 404(b) Evidence **(Doc. No. 46)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

4. **Defendant's Motion for Disclosure of All Informants.** Defendant moves for the disclosure of the identity of any confidential informants the Government relied on in the investigation of this case and early identification of any informant the Government seeks to call as a witness. The Government represents that it has already provided disclosures that include the identities of various individuals who participated in the charged conspiracy or provided information to law enforcement during this investigation, but that to the extent informants were mere "tipsters," the Government is not required to disclose their identities. The Government represents that it will provide witness

statements pursuant to the Jencks Act, and will otherwise comply with *Giglio*. Defendant's Motion for Disclosure of All Informants **(Doc. No. 47)** is **GRANTED** to the extent that the Government shall continue to evaluate its informants and make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law. To the extent that the motion seeks evidence favorable to the Defendant, the statements must be produced pursuant to the Court's Order on the motion seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to the Defendant. The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968). The motion is otherwise **DENIED**. Trial witness disclosures shall be made in accordance with the District Court's pretrial order.

5. **Defendant's Motion for Disclosure of Giglio Information.** Defendant moves, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rules of Criminal Procedure 2 and 12, for an order compelling the Government to disclose all information regarding promises made by the Government to its prosecution witnesses in exchange for testimony or assistance in the instant case. The Government states that it will continue to comply with its obligations under the Federal Rules of Criminal Procedure and applicable case law. Defendant's Motion for Disclosure of *Giglio* Information **(Doc. No. 48)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its

4

disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

6.     **Defendant's Motion for Disclosure of Jencks Information.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material as early as the Court deems appropriate. The Government opposes the motion asserting the request lacks authority. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Disclosure of Jencks Information **(Doc. No. 49)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary exchange of Jenks Act material with Defendant three days prior to trial as the Government has represented it would do.

7.     **Defendant's Motion to Compel Affirmance or Denial of Unlawful Conduct.** Defendant moves the Court for an order requiring the Government to either affirm or deny any unlawful conduct by government agencies in the course of investigating this case, pursuant to 18 U.S.C. § 3504. The Government represents that no wiretapping occurred in this investigation and therefore the Government has no further obligations under § 3504. Based on the Government's representations, Defendant's Motion to Compel Affirmance or Denial of Unlawful Conduct **(Doc. No. 50)** is **DENIED WITHOUT PREJUDICE**. Section 3504 states that –

> [i]n any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States . . . upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act.

18 U.S.C. § 3504(a)(1). "An aggrieved party's claim must 'appear to have a colorable basis before it may function to trigger the government's obligation to respond under § 3504.'" *Christy v. United States Dep't of Justice*, 842 F. Supp. 2d 280, 283 (D. D.C. 2012) (quoting *United States v. Pacella*, 622 F.2d 640, 643 (2d Cir. 1980) (internal quotation marks omitted)); *accord United States v. Bernard*, No. 7:09-CR-50-F-1-2, 2009 WL 10681148, at *7 (E.D.N.C. Aug. 18, 2009) ("Title 18 U.S.C. Section 3504(a)(1) requires a preliminary showing by a defendant as to the existence of electronic surveillance before requiring a government response to a defendant's request for such material."). "Mere conclusory allegations or suspicions that electronic surveillance has occurred are insufficient to mandate a government response." *Bernard*, 2009 WL 10681148, at *7 (quotation omitted); *see, e.g.*, *United States v. James*, 609 F.2d 36, 51 (2d Cir. 1979) (claim that illegal electronic surveillance occurred "cannot be based on mere suspicion but must have at least a 'colorable basis' before the government will be obliged to respond").

Here, Defendant has offered nothing more than mere suspicion, based on the length of the investigation before Defendant's arrest, that illegal electronic surveillance may have occurred during the investigation of this matter. Defendant has not made the

requisite preliminary showing. Furthermore, the Government represents that no wiretapping occurred in this investigation.

8. **Defendant's Motion to Retain Rough Notes.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not oppose the motion with respect to retention of notes, but does oppose disclosure. Defendant's Motion to Retain Rough Notes **(Doc. No. 51)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

9. **Defendant's Motion to Suppress Evidence from Illegal Search and Seizure.** Defendant objects to several search warrants used in this case, and seeks an order suppressing any physical evidence obtained from unlawful search and seizure based on a four-corners review of the warrants. The Government opposes the motion. At the June 21, 2021 hearing, the Court received the six search warrants at issue into evidence.[1] The parties request post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **July 12, 2021**, and the Government shall file its response by **July 26, 2021**. The Court will take Defendant's Motion to Suppress Evidence from Illegal Search and Seizure **(Doc. No. 52)** under advisement on **July 26, 2021**, and issue a **Report and Recommendation** to the District Court.

10. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Eric C. Tostrud.

---

[1] As stated by defense counsel in his pre-hearing letter, counsel narrowed his original motion down to six search warrants for which he requests review. (Doc. No. 69.)

Date: June 21, 2021

                                                              *s/ Becky R. Thorson*
                                                            BECKY R. THORSON
                                                            United States Magistrate Judge