UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 21-cr-00021 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Michael John Markwald, | |
| Defendant. | |

---

This case is before the Court on a Report and Recommendation issued by Magistrate Judge Becky R. Thorson. ECF No. 88 ("R&R"). Magistrate Judge Thorson recommends denying Defendant Michael John Markwald's motion to suppress evidence obtained through the execution of six search warrants—three for data from Facebook and one each for three different premises [ECF No. 52]—because there was probable cause for the warrants, or the *Leon* good faith exception applies, or both. *See generally* R&R. Markwald has filed objections. *See generally* ECF No. 91. Therefore—and notwithstanding the Government's suggestion that clear-error review would be appropriate because Markwald's objections are non-specific and repeat the same arguments he presented to Magistrate Judge Thorson—the R&R will be reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); Local Rule 72.2(b)(3); *Bell v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (citations omitted); *see also Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (declining to apply "the exception recognized in some circuits that de novo review is not required 'when a party makes general and conclusory objections,'" and noting that "[t]he failure to perform de novo review when required is reversible error") (citation omitted).

The R&R will be accepted because Magistrate Judge Thorson's conclusions are plainly correct. The following analysis assumes familiarity with the R&R.

***The May 12, 2020 Facebook Warrant:*** Markwald "maintains his position despite the Magistrate Judge's decision" that this warrant "is an unreasonable invasion of his expectation of privacy in Facebook records, the warrant application lacks indicia of reliability regarding [confidential informants], and is overbroad." ECF No. 91 at 2.

Regarding his expectation-of-privacy argument, Markwald contends that "everyone has an expectation of privacy in Facebook accounts regardless of whether an account has stringent privacy settings activated or not," and "[a] general search of electronic data . . . may be 'akin to a residence in terms of the scope and quantity of private information'" contained. ECF No. 91 at 2 (quoting *United States v. Ulbricht*, 858 F.3d 71, 99 (2d Cir. 2017)). Magistrate Judge Thorson thoroughly weighed Markwald's privacy interests against law enforcement's interests, as the probable cause analysis requires, and her conclusion did not turn on, but was bolstered by, the status of Markwald's account's privacy settings. R&R at 8–9. This analysis is sound. It also deserves mention that the only legal authority Markwald offered, *Ulbricht*, upheld the constitutionality of the Google and Facebook warrants at issue in that case. *See* 858 F.3d at 104.

As to the confidential informants, Markwald says he "does not believe the investigator's statements about" them and "claims the information the investigator referenced is not reliable." ECF No. 91 at 2. Whatever Markwald may believe, he offers no analysis—no evidence or legal authority—to support this argument. *See id.* Magistrate

Judge Thorson described how the information provided to the detective was corroborated and was consistent with other information, R&R at 9–11, and her analysis is sound.

Lastly, Markwald argues the "warrant was not specifically drafted sufficiently to narrow the focus of the search" and says the detective's testimony that he narrowed later warrants in order to receive a smaller volume of documents from Facebook "proves the broad nature" of this warrant.  ECF No. 91 at 2-3.  Magistrate Judge Thorson addressed this argument, noting that "[t]he warrant set forth the categories of data requested and the defined period of time the request related to," and further reasoned that the large amount of information that may result from a search was not a reason to find it unconstitutionally broad because "[t]he totality of the information therefore provided a 'fair probability' that evidence of the illegal drug distribution would be found in the data recovered from Markwald's Facebook account."  R&R at 11–12.  The Court agrees.

***The June 19, 2020 and August 24, 2020 Facebook Warrants:***  Markwald first argues these warrants lack probable cause because they are based on the earlier application [ECF No. 91 at 3], but for the reasons discussed by Magistrate Judge Thorson and above, probable cause supported the issuance of the May 12, 2020 warrant.  *See* R&R at 16.  Markwald also raises an objection based on overbreadth by lack of particularity, which, as he acknowledges, Magistrate Judge Thorson did not reach.  ECF No. 91 at 3; *see* R&R at 17–18 (concluding the Court need not rule "on whether the warrant meets the Fourth Amendment's particularity requirement" because, "even assuming that the warrant lacked particularity, the good-faith exception to the exclusionary rule applies").  As discussed below, the application of the *Leon* good-faith exception here is appropriate.

3

***The Old Constance Blvd Premises Search:*** Markwald first argues, as he did before, that there is a lack of a nexus between the property, his parents' residence, and his alleged drug distribution because Markwald "was a moving target" and "it stands to reason" that he would be at this location "from time to time." ECF No. 91 at 3–4. Magistrate Judge Thorson discussed how the application for the warrant established a link between criminal activity, Markwald, and the Old Constance premises. R&R at 25–26. The possibility of an innocent reason that Markwald might be at the location from time to time does not mean probable cause did not exist or could not have existed. *See D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018) ("But probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts. As we have explained, 'the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal acts.'") (citation omitted). Markwald next argues that the information about him involving this location was stale, but he only cites a general legal proposition regarding staleness and does not explain why the information in this case was stale. ECF No. 91 at 4 (quoting *U.S. v. Colbert*, 828 F.3d 718, 727 (8th Cir. 2016)). The R&R's analysis and conclusions on this issue are sound and will be accepted. R&R at 26–27.

***The Ham Lake Shop Premises Search:*** Markwald argues that investigators "did not have a controlled buy or direct evidence of drugs being present" at this location and that the information was stale, though he again does not explain why that is so. ECF No.

91 at 4.[1] Regarding the former, Magistrate Judge Thorson explained why, in the circumstances of this case, there did not need to be a controlled buy. R&R at 32 (explaining that "there did not need to be a controlled buy from this shop," but "only need be information provided in the affidavit, when considering the totality of those facts together, that establishes probable cause to believe that there was a fair probability evidence of the crime would be found"); *see also id.* at 26 ("There is no requirement that law enforcement needed to see an actual drug transaction take place at the residence for there to be probable cause."). As to the latter, the same conclusion as that for the Old Constance Blvd search warrant is justified. *See id.* at 31–32.

***The Pierce Place Premises Search:*** Markwald offers "a similar argument" on this search as he does for the Ham Lake Shop premises search, saying, "Investigators did not have any direct evidence" he used this location for criminal activity. ECF No. 91 at 4. Magistrate Judge Thorson concluded that "any argument as to staleness fails for the same reasons" as the other premises warrants, R&R at 35, and, understanding the other arguments as asserting a lack of nexus, further concluded that the affidavit supporting this warrant "includes more than sufficient information" linking Markwald to narcotics distribution and "to support the conclusion that there was a fair probability evidence of the

---

[1] Markwald states that the information used by officers also "did not rise to the level of probable cause." ECF No. 91 at 4. Without more explanation, it is difficult to address this objection, but in any event, Magistrate Judge Thorson already addressed an argument about specificity and concluded, after a detailed review of the warrant and affidavit, that "there was specific information provided in the affidavit linking Markwald to methamphetamine distribution activity and there was specific information linking the suspected methamphetamine distribution activity to the Ham Lake Shop." R&R at 31.

crime of methamphetamine distribution would be found at the Pierce Place premises," *id.* at 35–36. These conclusions are also sound.

***The* Leon *Good-Faith Exception:*** Markwald takes issue with Magistrate Judge Thorson's application of the *Leon* good-faith exception to the June 19, 2020 and August 24, 2020 Facebook warrants and to the three premises warrants, arguing that he "perceives [a] presumption of good faith on the part of the investigator to cure any defects," "the *Leon* case obliterates any meaningful judicial review by assuming officers always operate in a good faith manner," and "the *Leon* case gives too much deference to law enforcement officers." ECF No. 91 at 3, 5. Magistrate Judge Thorson appropriately applied *Leon* to all the warrants, either as an alternative or sole basis to reject an argument of Markwald's and conclude that evidence should not be suppressed. R&R at 13 (May 12, 2020 Facebook warrant), 18–22 (June 19, 2020 and August 24, 2020 Facebook warrants), 37 (three premises warrants). A federal district court is in no position to accept Markwald's suggestion that *Leon* is bad policy.

In short, every argument Markwald raises in his objections was already addressed and correctly resolved by Magistrate Judge Thorson, and Markwald offers nothing now that undermines any of the Report and Recommendation's conclusions. The Court has reviewed the remainder of the Report and Recommendation's findings and conclusions and concludes there is no reason to question their correctness.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 91] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 88] is **ACCEPTED** in full; and

3. Defendant's Motion to Suppress Evidence from Illegal Search and Seizure [ECF No. 52] is **DENIED**.

Dated: January 5, 2022

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court